TINA TODD
8346 BISMARK SAPPHIRE STREET
Las Vegas, NV 89139
Debtor In Pro Se
Tel: 773-816-1559

RECEIVED AND FILED

FEB 2  3 34 PM '10

U.S. [BANKRUPTCY COURT]
MARY A. SCHOTT, CLERK

# UNITED STATES BANKRUPTCY COURT
## DISTIRCT OF NEVADA

In Re:

TINA TODD,

    Debtor,

CASE NO: 09-27115-LBR

DATE OF HEARING: 02/09/2010
TIME OF HEARING: 10:30 A.m.
PLACE OF HEARING: US District Court
300 Las Vegas Blvd South, United States
Foley Building, Las Vegas, NV 89139

## PLAINTIFF'S RESPONSE TO MOVANT'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY, REQUESTING PENDING DECITION BY THE TRUSTEE REGARDING THE VALUE OF THE BANKRUPTCY ESTATE ASSETS AND REQUEST FOR DISMISSAL OR IN THE ALTERNATIVE FOR CONTINUANCE DUE TO INEFFECTIVE SERVCE

**COMES NOW,** Debtor, TINA TOOD, in pro se, in the above referenced matter hereby response, objects and opposes, Movant's Motions for Relief From the Automatic Stay. This opposition is brought pursuant to the attached Memorandum of Points and Authorities, upon all pleadings and documents herein, as well as any argument that may be presented or any matters of which judicial notice is requested and/or proper.

    This opposition is based upon the attached Declaration of Debtor TINA TODD, the Memorandum of Points & Authorities, all documents, papers and pleadings on file herein and any oral or documentary evidence presented at the time of the hearing on the Motion.

DATED: February 2nd, 2009.

                                              _/s/ Tina Todd_
                                              TINA TODD, Debtor
                                              8346 Bismark Sapphire Street
                                              Las Vegas, NV 89032

Debtor - In Pro Se

Debtor stands before this court with her response and request for pertinent questions of law that should deny Movants Motion For Relief From The Automatic Stay until these legal questions have been addressed by all parties of interest and/or the Loan Modification Application has been granted or denied by Litton Loan Servicing Inc.

1.  LACK OF PERSONAUM AND/OR SUBJECT MATTER JURISDICTION:

The Court lacks subject-matter jurisdiction due to Movants Defective Service of the Notice Motion For Relief From the Automatic Stay, as required.

On or about _____, 2009 Movant's filed with this Court said Motion For Relief From Automatic Stay, approximately ____ days prior to service.  That on Movant declares that their Certificate of Service was filed January 8, 2010, although, the envelope is stamped and dated by the United States Post Office as January 12, 2010, declaring under penalty of perjury that the debtor was mailed a true copy.

Debtor argues the Notice of Motion is defective due to the Movants' failure to serve as so declared in the Certificate of Service, this is a violation of **LOCAL RULE 9014(d) (1) FAILURE TO COMPLY,** the documents did not reach debtor until about January 15, 2010 or later, approximately 8-9 days before her objection/response was due in court, debtor was not allowed

statutory and/or reasonable time to prepared said objections, and file (15) days before said scheduled hearing, thus Denying debtor ample time to reply in a timely manner.  Said Envelope attached and incorporated by reference marked Exhibit "A", in support of debtor's claims.

### RULE 4001-1(B) RELIEF FROM AUTOMATIC STAY

**(B)     Service… In part states.**

(1) The Motion, a proposed form of order and Notice required by subsection (d) shall be promptly served by Movant upon:

(a) The debtor;
(b) The debtor's counsel;
(c) The Trustee; and

Debtor believes and argues that movants has failed to comply with Rule 4001-1 Relief From Automatic Stay.

Debtor did not receive a proposed form of order (at all) and Notice required by subsection was not received in a timely manner.

### LR 9004. REQUIRED FORM OF FILED PAPERS.

(a) <u>Form of papers</u>.

(1) All papers filed with the bankruptcy court must be legibly printed on 8 ½ -by-11- inch paper, with copies reproduced by any method resulting in clear copy. Unless the court orders otherwise, all printing and handwriting must be double-spaced and each printed line consecutively numbered in the left margin on each page.

(2) The format described herein does not apply to:

(A) Exhibits, footnotes and quotations, the identification of counsel, caption, title of the court and the name of the case; and

(B) The title page, which must begin at least one and a half inches from the top of the page.

(b) **Print requirements**. Printing that uses proportional fonts or equivalent (such as most computer fonts) must be at least twelve (12) points. Monospaced fonts (such as on a typewriter) may not have more than ten (10) characters per linear inch. All quotations longer than fifty (50) words must be indented. All pages of each pleading or other papers filed with the court (except exhibits) must be numbered consecutively. All pages of each pleading or other papers filed with the court (including exhibits) must be printed only on one side of the paper.

Movant failed to comply with Local Rule 9004 requirements Debtor's mailed copy is not legible, the print is less than the required 10-12 points.  The Movants documents served upon debtor is approximately 6-4 points that each page is less that the required 8 ½ X 11, size paper that the Motion contains (4up typed information) (4) FOUR PAGES on said 8 ½ x 11 paper, it takes a magnifying glass to read the contents of Movant(s) motion for relief from the automatic stay, attachment and/or Exhibits.  Maybe, this is a desperate effort to economize, save paper, ink, and/or whatever, the documents are not in proper format as required. Attached and incorporated by reference marked Exhibit "B".

Section 362 information Sheet

That said Section 362 Information Sheet contains false Statemens and/or information as follows;

(Quote of Attorney Greggory L. Wilde)

///

///

and Membership Agreement attached and incorporated by reference, marked Exhibit "G".

<u>Debtor's request</u>

TS#:  09-31068-LL-NV
APN#:  177-18-212-050
Loan #:  41202466
Investor #:  30028089

(1st Mortgage)

Mortgage Amt: $240,000.00
Movants Claim: $
Notice sale Amt: $261,329.33
Demand
  1st Mortgage: $1997.87
      Interest:  7.5%
      Arrearages: $43,254.63

Motion For Stay Amount
Never received copy
(Forensic Accounting Needed)

Proposed:  $675.00 - $975.00
Proposed:    3.7%

**Appraisal overview:**
Fair Mkt. Value:  $160,000.00
Schedule "A"

Default Notice: 02/04/09
Default Date: 10/01/2009

2nd Loan#:  4120xxxxx

2nd Mortgage: $60,000.00
    Payment: $632.72
    Arrears: $10,829.98

Eppraisal: **$137,706.00**
Zillow: $204,000.00
Cyber Home: $135,086.00

Stripping off
Stripping off
Stripping off

Orig. Lender:  People's Choice Home Loan, Inc.,  Suspended / forfeiteure

Orig. Trustee: FCL Corporation   Revoked

Orig. Beneficiary:  MERS as nominee, standing questionable

On or about December 22, 2009, I contacted the Law Firm of Wilde in writing explaining that I had filed for Loan Modification with Litton Loan Servicing, Inc., that their client

EXHIBIT H

Litton continuously lost my application for Modification and that out of frustration, I had enrolled (NACA ID #: 8611980) with NACA, 11/2009, in an effort to resolve the default issues.

EXHIBIT "H" WIlde 12/22/09 Response FROM DeBTOR, WITH proof FAX.

**NO RESPONSE FROM THE LAW OFFICE OF WILDE, THEY PROCEEDED WITH THE MOTION FOR RELIEF OF AUTOMATICE STAY, FALSILY CLAIMING THAT I HAVE BEEN NON RESPOSNSIVE. THE STAY IS MATERIAL AND RELEVANT, SINCE, IT IS EVIDENT, THAT MOVANT(S), LITTTON AND THE LAW FIRM OF WILDE IS PURGING THEMSELVES BEFORE THIS COURT.**

Proof of Claim:

Pursuant to FRBF 3007 and Nevada Statutory Codes the undersign debtor respectfully objects to the Proof of Claim on file because I never received a copy of said Proof of Claim filed on the above entitled case by Movant Litton Loan Servicing Inc., and/or its agent, on the Court Docket maintained by the Clerk of the Court the goods for said objections are as noted above the disparages of money demanded by Movants Notice of Default, Credit Reporting of Experian, late fees, escrow account charges, Miscellaneous fees and etc., such **forensic account** is necessary to guaranteed that debtor does not over pay Movants or be liable for an amount of money in dispute.

**Pre-Requisite for "Standing".**

In most recent court cases the criteria has been set for legislature and as set forth in NRS Chapter 104.3301 identifies

6

a person entitled to enforce the (Promissory) Note.

Debtor ask the Court to take notice that she has filed an Application for Loan Modification on or about 10/__/2009 and request that this court deny said Motion For Relief, until a determination is rendered by the Movant(s) **HSBC BANK USA, National Association as Trustee for the benefit of People's Financial Realty Mortgage Securities Trust, Series 2006-1, by Litton Loan Servicing, LP as attorney in fact 09-78104; DOES 1-100 AND ROES A-Z, INCLUSIVE and/or their agent Litton Loan Servicing, Inc.**

Standing for the moving party is material, relevant and mandatory . Debtor believes that Movants does not hold the Mortgage Note and therefore, does not any rights or entitlement to enforce the Note.

The Uniform Commercial Code (UCC) as adopted by the Nevada

**IS THE SUBJECT REAL PROPERTY BEFORE THIS COURT A BANKRUPTCY ASSET UNDER THE JURISDICTION OF THE CHAPTER 7 TRUSTEE.**

Debtor believe that this is a valid issue to be determined, Prior to the court granting the Movant's motion for Relief from the automatic stay that the matter should be continued until the Chapter 7 Trustee has made a determination and/or a course of action concerning this legal issue (question).

That Debtor has simultaneously filed with her response the following:

 a. Request for Request for Production of Documents,
 ~~b. Interrogatories and~~
 ~~c. Request for Admission Statements~~

this evidentiary evidence is necessary for the Chapter 7 Trustee

to be able to make a valid assessment of vested interest to said subject real property before this court.

**3.  DOES THE MOVANT HAVE STANDING TO SUIT AND/OR TO BRING SAID MOTION FOR RELIF FROM THE AUTOMATIC STAY.**

Upon reviewing the Deed of Trust it appears that FCL Corporation, original Trustee and People's Choice home Loan, was the original lender.  MERS as Beneficiary [nominee].

That debtor has paid her mortgage note to several others Agencies and/or mortgage servicing companies, the last known mortgage creditor being Litton Loan Servicing Inc., although the motion for relief from the automatic stay has been filed naming Movants as HSBC BANK USA, National Association as Trustee for the benefit of People's Financial Realty Mortgage Securities Trust, Series 2006-1, by Litton Loan Servicing, LP as attorney in fact 09-78104; DOES 1-100 AND ROES A-Z, INCLUSIVE. that the Movants pleadings nor the movants Exhibits show how the subject real property was and/or has been transferred to Movant and debtor challenges said Certificate of Assignment as being authentic and/or being properly executed considering FCL Corporation and People's Choice Home Loan Corporation do not exist anymore and may not have actually been in existence and authorized by officer of the corporation.

It is debtor's belief that any transfer of said subject real property while under the jurisdiction of the United States

Bankruptcy Court is a substantive, due process and procedural Error, and should not be allowable without court consent and/or Approval, violating 11 USC section 362.

Further, it is debtor's belief that she is being discriminated against, being denied her substance due process procedural rights and is now threatens in the bankruptcy court with lies, innuendo and aggressiveness conduct by movants to execute an illegal and/or non judicial foreclosure sale . If this court lifts the stay there is nothing to stop the Movant and their attorneys to continue to negate their fiduciary duties under the modification law, codified statutes and/or what is fair and equitable. Therefore, debtor moves this court for dismissal, based upon movants failure to comply with the herein mentioned rules of law and the purged statement of movants attorney Greggory L. Wilde on said 362 Statement of Information Sheet under "Special Circumstances". Debtor takes leave to move this court for DAMAGES PURSUANT TO 11 USC 362K, sanctions and whatever this court may deem just and proper, forthwith.

**DATED:  February 2, 2010**           Respectfully submitted

                                        *Tina Todd* (signature)
                                        Tina Todd
                                        8346 BISMARK SAPPHIRE STREET
                                        LAS VEGAS, NV 89139
                                        Tel; (702) 773-816-1559
                                        In Pro Se

# DECLARATION OF TINA TODD

## IN SUPPORT OF OPPOSITION FOR RELIEF FROM AUTOMATIC STAY

I, TINA TODD, declare and state as follows:

I am the debtor in the herein voluntary petition and the statements made herein are of my own personal knowledge and if called and sworn, I could and would competently testify thereto.

I respectfully submit that debtor the Fair Market Value of said real property is approximately $137, 500.00 and that debtor. That Movants has failed to comply with FRBP rules concerning the subject property and as a result:

1. The service of said Notice is defective;

2. The pleadings are not legible as required; and

3. The debtor has been denied substance due process under the law in violation of her Constitutional rights, and that without

4. The "adequate protection" under Title 11 U.S.C. §362, debtor will suffer irreparable harm and/or damages.

Further, debtor is challenging movants as follows:

1. Rights of Standing to bring suit;

2. Accounting of money demanded (Forensic accounting requested)

3. Pursuant to 15 USC §1692, and demanding proof of their possession of the Original unaltered Promissory Note

4. Movants Claim filed with the U. S. Bankruptcy Clerk of the for the sum of $ _DID NOT RECEIVE PROOF._

5. Said Certificate of Assignment on file and who had authority to truly executed this document, since the original Trustee and Lender is out of business.

10

1  It is debtor's belief that more evidentiary evidence
2  must be provided to assure that there is no violation of 11
3  USC 362 and any of its provisions set forth to protect
4  debtors right of protection.
5  Further, debtor believes that until Movants HSBC et.
6  al, Litton their associate, successors and/or assigns
7  provide sufficient proof of standing.
8  I declare under penalty of perjury that the foregoing is true and correct and
9  made subject to the pains of the penalty for perjury under federal law.
10  Executed at Las Vegas, Nevada on February 2, 2010.

*[signature]*
**TINA TODD**
Debtor/Declarant