1

TINA TODD
8346 BISMARK SAPPHIRE STREET
Las Vegas, NV 89139
Debtor In Pro Se
773-816-1559

RECEIVED & FILED

JUL 7  11 46 AM '10

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

2

3

4

5

6

7                         UNITED STATES BANKRUPTCY COURT

8                              DISTIRCT OF NEVADA

9

10   In Re:                              )      CASE NO: 09-27115-LBR
                                         )
11             TINA TODD,                )
                                         )
12                Debtor,                )
                                         ) APPLICATION FOR TEMPORARY ))
13   _____         ) RESTRAINING ORDER (TRO) AND
     HSBC BANK USA, National ASSOCIAT    ) ORDER TO SHOW CAUSE
14   Association AS TRUSTEE FOR THE       )
     BENEFIT OF PEOPLE'S REALTY           )
15   MORTGAGE SECURITIES TRUST,           )
     SERIES 2006-1, BY 1, by Litton       )
16   Loan Servicing, LP as attorney       )
     IN FACT 09-78104; LITTON LOAN        )
17   SERVICING LP; PEOPLE'S FINANCIAL     )
     REALTY MORTGAGE F/K/A PEOPLE'S       )
18   CHOICE  HOME LOAN INC., DOES 1-      )
     100 and ROES A-Z, INCLUSIVE;         )
19                                        )
                                         )
20          Plaintiff/Movant(s),         ) DATE:
                                         ) TIME:
21   Vs.                                  ) PLACE:
                                         )
22   TINA TODD,                           )
                                         )
23          Respondent/Defendant.         )
                                         )
24   _____

25       Debtor's Application for Temporary Restraining Order (TRO)

26   and Order to Show Cause Debtor filed this application for a

27   Temporary Restraining Order and Order to Show Cause Re:

28   Preliminary Injunction pursuant to Federal Rule of Civil

                Debtor's Application for Temporary Restraining Order
                       (TRO) and Order to Show Cause - 1

1  Procedure 65 and Local Rule 7-5. Good cause for this motion

2  exists due to the rapidity with which the violations of the

3  Nevada Constitution at issue in this case have been undertaken.

4  and the actions expected to be taken by the Movant(s), violated

5  FRCP Rule LR 4001).

6      Debtor will and hereby does apply to the Court for a

7  Temporary Restraining Order and an Order to Show Cause Re

8  Preliminary Injunction, preventing Defendants from violating

9  Federal Rules and executing said foreclosure until Movant(s)

10  with satisfactorily provide evidence establishing standing and

11  that Movant(s) are the holder of the Original Promissory "NOTE".

12      This Application for Temporary Restraining Order and Order

13  to Show Cause Re Preliminary Injunction is made on the grounds

14  that Debtor have, in the accompanying memorandum of points and

15  authorities, demonstrated a likelihood of success on the merits

16  or, at the very least, have raised a serious question about the

17  constitutionality of Movant(s) actions. Specifically, Debtor(s)

18  are entitled to a Temporary Restraining Order and an Order to

19  Show Cause Re Preliminary Injunction on the grounds that the

20  herein-mentioned Movant(s), their successors, assigns agents,

21  employee, servants, representatives have failed to negotiate

22  pursuant to LR 4001, failed to follow court orders, failed to

23  present the original promissory note.  That the action of

24  Movant(s) and each of them herein mentioned below are subject to

25  said Motion For Permanent Injunction up to and until Movant(s)

26  Satisfy the courts orders to produce the Original Promissory

27  Note (satisfactory evidence of standing.)

28  ///

**MOVANT'S and their Attorney's of Record names are as follows:**

WILDE & ASSOCIATES
Greggory L. Wilde, Esq.
Nevada Bar Number; 004417
208 South Jones Blvd
Las Vegas, NV 89107
Tel: 702 258-8200
Fax: 702 258-8787

**Attorney For:**
HSBC BANK USA, National Association as Trustee for the benefit of People's Financial Realty Mortgage Securities Trust, series 2006-1, by Litton Loan Servicing, LP as attorney in fact 09-78104; DOES 1-100 and ROES A-Z, INCLUSIVE, and

MARK S. BOSCO, ESQ.
Arizona bar Number: 010167
TIFFANY & BOSCO P.A.
2525 EAST CAMELBACK ROAD, SUITE 300
PHOENIX, ARIZONA 85016
Tel; 602 255-6000

Law Offices McCalla Raymer, LLC
Bankruptcy Department
1544 Old Alabama Road
Roswell, Georgia 30076-2102
Tel: (866) 205-2417
Fax: (770) 783-6926

LITTON LOAN SERVICING LP
Servicer Loan #: 41202466
Your File #: 09-30780
**Real Property:**
8346 Bismark Sapphire Street
Las Vegas, Nevada 89139

People's Financial Realty Mortgage
People's Choice Home Loan, Inc.
A Wyoming Corporation
7515 Irvine Center Dr.
Irvine, CA 92618

Litton Loan Servicing
Attn: Authorized Agent
4828 Loop Central Drive

Said parties RE ENJOINED from conducting an illegal foreclosure for the following reasons, failure to:

1. Debtor's Application for TRO & Order to Show Cause

2. Debtor's Are Likely To Succeed On The Merits,

3. Debtor will suffer Irreparable Injury;

Debtor's Application for Temporary Restraining Order (TRO) and Order to Show Cause - 3

4. Debtor has the rights not to have their real property taken way unless Movant(s) exercise the due process of law,

8. The balance of harms tilts sharply toward Debtor's. Debtor(s) have a strong interest in the exercise of their constitutional rights, and the interest is especially worthy of protection when, as here, those rights involve the political process.  Conversely, any purported interest Movant(s) might have in avoiding the requirements of the Nevada Constitution is entitled to little weight, considering Debtor's Application for TRO & Order to Show Cause reasons:

1) Movant's budgetary crisis was self-inflicted, and can easily be addressed by simply implementing reasonable authorizations for modification of said mortgage loan.

Finally, because the balance of hardships weighs heavily in favor of Plaintiffs, and because Defendants are unlikely to suffer any pecuniary harm if a Temporary Restraining Order and Preliminary Injunction are issued, this Court should exercise its discretion to waive any bond requirement.

This motion is based on this Application, the accompanying Memorandum of Points and Authorities, the other pleadings and papers filed in this case, and such argument as may be presented at any hearing on this application.

Dated: ~~MAY 09,~~ 06-16-. 2010

Respectfully submitted,

_Tina Todd_

Tina Todd

Debtor's Application for Temporary Restraining Order
(TRO) and Order to Show Cause - 4

1  By: TINA TODD, DEBTOR

2

3  **It is so ordered:**

4

5  United States Bankruptcy Court Judge

6  Plaintiffs' Application for TRO & Order to Show Cause

7  Dated this ~~MAY~~ July ___ , 2010

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

NEVADA LAW REGARDING DEBTORS RIGHTS
DEMAND FOR ORIGINAL PROMISSORY NOTE

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to 11 U.S.C. 362(d)(1), which provides that upon appropriate notice and a showing of cause, which showing can include a lack of "adequate protection", a party may terminate the stay as it applies to the collateral. "Adequate protection" protects the secured creditor from a decrease in the value of the creditor's interest in such property during the bankruptcy case. With respect to real property, it is essentially the value of the property above the debt due and secured by the property.

**Related Cases Points and Authorities:**

This is particularly important in the District of  Nevada where the Local Rules of  Bankruptcy Practice require parties to communicate in good faith regarding resolution of a motion for relief from stay before it is granted.

In this case movant has not and did not produced evidence that it held the note or acted as the agent of the note holder, filed. LR 4001(a)(3). The parties cannot come to a resolution if those with a beneficial interest in the note have not been identified and engaged in the communication.

In the context of a motion for relief from stay, the movant, Movant in this case, bears the burden of proving it is a real party in interest. *In re Wilhelm*, 407 B.R. 392, 400 (Bankr. D. Idah 2009)(citing *In re Hayes*, 393 B.R. 259, 267 (Bankr. D. Mass. 2008)("To have standing to seek relief from the automatic stay, [movant] was required to establish that it is a party in interest and that its rights are not those of another entity")). Initially, a movant seeking relief from stay may rely upon its motion. *Id.*

However, if a trustee or debtor objects based upon standing, the movant must come forward with evidence of

standing. *Id.; Jacobson*, 402 B.R. at 367 (requiring movant at least demonstrate who presently holds the note at issue or the source of movant's authority). Instead of presenting the evidence to the Bankruptcy Court, MERS attempted to withdraw the Motion from the Bankruptcy Court's consideration, citing the failure of a MERS Certifying Officer to demonstrate that a member was in physical possession of the promissory note at the time the motion was filed.1 The only evidence provided by Movant is a statement that they are a secured Creditor.  Since Movant has not provided any evidence that it was the agent or nominee for the current owner of  the beneficial interest in the note, it has failed to meet its burden of establishing that it is a real party in interest with standing. Accordingly, the Bankruptcy Court must deny said motion for relief from the stay.

# MEMORANDUM OF POINTS AND AUTHORITIES

**Memorandum of Points and Authorities**

## II.

### STATEMENT OF LAW

**1.    THIS HONORABLE COURT SHOULD ENTER A TEMPORARY RESTRAINING ORDER PENDING THE HEARING ON THE PRELIMINARY INJUNCTION.**

Plaintiff is requesting that this Honorable Court enter a temporary restraining order pending the hearing on the preliminary injunction.

NRCP 65 states:

> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Every temporary restraining order granted without notice shall be indorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after entry, not to exceed 15 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be entered of record. In case a temporary restraining order is granted without notice, the motion for a preliminary injunction

> shall be set down for hearing at the earliest possible time and takes precedence of all matters except older matters of the same character; and when the motion comes on for hearing the party who obtained the temporary restraining order shall proceed with the application for a preliminary injunction and, if the party does not do so, the court shall dissolve the temporary restraining order.

On 2 days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require.

E.D.C.R. 2.10. Temporary restraining orders and preliminary injunctions.

(a) A motion for a preliminary injunction must be made upon the notice required by Rule 2.20, unless an order fixes a shorter notice.

(b) No temporary restraining order may be granted unless coupled with an order fixing the time for hearing a motion for preliminary injunction.

(c) Orders under subsections (a) and (b) must fix the time within which the restraining order, if any, and all pleadings, affidavits and briefs in support of the restraining order and the motion for preliminary injunction must be served upon the adverse party, and the time for filing of opposition, counter affidavits and briefs.

## A.    THIS COURT HAS DISCRETION TO ENTER THE REQUESTED RELIEF.

"The granting, refusing or dissolving of injunctions or restraining orders is a matter of discretion." *See Coronet Homes, Inc. v. Mylan*, 84 Nev. 435, 437, 442 P.2d 901, 902 (1968) citing *Thorn v. Sweeney*, 12 Nev. 251 (1877).   NRS 33.010 provides:

An injunction may be granted in the following cases:

1.    When it shall appear by the complaint that the plaintiff is entitled to the relief demanded, and such relief or any part thereof consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually.

2.    When it shall appear by the complaint or affidavit that the commission or continuance of some act, during the litigation, would produce great or irreparable injury to the plaintiff.

3.      When it shall appear, during the litigation, that the defendant is doing or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual.

The Nevada Supreme Court has written, "A preliminary injunction is available when a party seeking the injunction can demonstrate that the nonmoving party's conduct, if allowed to continue, will cause irreparable harm for which compensatory relief is inadequate and that the moving party has a reasonable likelihood of success on the merits." *Boulder Oaks Community Association v. B & J Andrews Enterprises, LLC.*, 123 Nev. Adv. Op. No. 46,(2007).

In considering preliminary injunctions, courts also weigh the potential hardships to the relative parties and others, and the public interest. *See, e.g., Clark Co. School Dist. v. Buchanan*, 112 Nev. 1146, 1150, 924 P.2d 716, 719 (1996).

Finally, the Court wrote:

In *Farnow v. District Court*, 64 Nev. 109, 118, 178 P.2d 371, 375 (1947), we explained that:

"Ex parte motions, that is, motions without notice, are of various kinds and are frequently and commonly permitted under the Nevada law and practice. They are frequently permissible in procedural matters, and also in situations and under circumstances of emergency, as in the case of an application for an injunction to prevent irreparable injury which would result from delay, and where there is no plain, speedy and adequate remedy at law."

Similarly, in *Rhodes Co. v. Belleville Co.*, 32 Nev. 230, 239, 106 P. 561, 563 (1910), we reiterated that:

"A preliminary injunction maintaining the status quo may properly issue whenever the questions of law or fact to be ultimately determined in a suit are grave and difficult, and injury to the moving party will be immediate, certain, and great if it is denied, while the loss or inconvenience to the opposing party will be comparatively small and insignificant if it is granted."

*Dangberg Holdings Nevada, L.L.C. v. Douglas County*, 115 Nev. 129, 142-143, 978 P.2d 311 (1999).  Does the Plaintiff meet the standard for the issue of the preliminary injunction?

1.      **Plaintiff can show that she has a reasonable likelihood of prevailing on the merits and the eviction of the Justice Court should be stayed until trial.**

**The Party seeking an eviction and unlawful detainer, LIQUIDATION PROPERTIES does not have the power to enforce the mortgage or evict Plaintiff.**

The authority to enforce a mortgage on the holder's behalf may be granted to an agent. However, the noteholder must be the party to confer the right to foreclose to the agent. The restatement advises that "[c]ourts should be vigorous in seeking to find such a relationship, since the result is otherwise likely to be a windfall for the mortgagor" as well as a "frustration" of the mortgagee's "expectation of security." Restatement (Third) of Property (Mortgages) 5.4, Comment e.

"A Mortgage may be enforced only by, or in behalf of, a person who is entitled to enforce the obligation that the mortgage secures." Restatement (Third) of Property (Mortgages) 5.4 (Citing Carpenter v. Longan, 83 U.S. 271 (1872). The Restatement supports this rule by analogy to the UCC's Definition of a security interest as an "interest in personal property or fixtures which secures payment or performance of an obligation." Id., citing Bank of Lexington v. Jack Adams Aircraft Sales, 570 F. 2d 1220 (5th Cir. 1987); In re G.O. Harris Financial Corp., 51 B.R. 100 (Bankr. S.D. Fla. 1985)("in order for a creditor to have a lien rights in the property of a debtor, the creditor must hold an enforceable obligation against the debtor"); see also In re Belize Airways Ltd & B.R. 604, 606 (Bankr. S.D. Fla. 1980)("[to] allow the assignee of a security interest [who did not also acquire the note] to enforce the security agreement would expose the obligor to a double liability, since a holder in due course of the promissory note clearly is entitled to recover from the obligor").

In brief, Defendants must prove that they have the power to enforce the note, prove that they acquired the note or were conferred the right to enforce the note from the real party in interest. Namely, Defendants must produce the note in order to prove they have the right to enforce the mortgage or have properly conferred the right to enforce the mortgage.

**b.    Only the Holder of the Note is the real Party in Interest.**

The first sentence of Fed. R. Civ. 17 is "Every action shall be prosecuted in the name of the real party in interest." The right to enforce the mortgage on behalf of the note holder does not render the note holder's agent into the real party in interest. "As a general rule, a person who is an attorney-in-fact or an agent solely for the purpose of bringing suit is viewed as a nominal rather than a real party in interest and will be required to litigate in the name of his principal rather than his own name." Wright & Miller, A Federal Practice & Procedure Civ. 2d 1553.

Consequently, even if the Court finds that a proper agency relationship exist between the holder of the note and the party seeking to enforce its security, this does not excuse the agent from the requirement that an action be prosecuted in the name of the note holder, who is the real party in interest. Fed. R. Civ. 17 (a)(1).

In El Ranco, Inc., the Court discussed Nevada law as it pertains to a real party in interest:

> **By Nevada law (NRCP 17(a)) an action must be commenced by the real party in interest; otherwise the complaint will be dismissed.** Las Vegas Network, Inc. v. B. Shawcross, and Associates, 80 Nev. 405, 395 P.2d 520 (1964). And where the issue is whether a plaintiff is the real party in interest, an assignment of a claim to him after he has commenced an action thereon does not relate back to the time suit was commenced. Thelin v. Intermountain Lumber, etc., 80 Nev. 285, 392 P.2d 626

(1964). (Emphasis Supplied).
<u>El Ranco, Inc. v. First Nat. Bank of Nev.</u>, 406 F.2d 1205,
1209 (C.A.Nev.1968).

The Nevada Supreme Court addressed this issue in <u>L and H Builders Supply</u>, Boyd, the party attempting to collect a debt, contended that they were either an assignee for purposes of collection or the trustee of an express trust and therefore a real party in interest. The Court found neither of these contentions valid. <u>L and H Builders Supply v. Boyd Co.</u>, 93 Nev. 610, 613, 571 P.2d 1167, 1168 (Nev. 1977).

The Nevada Supreme Court articulated:

> Boyd's supporting affidavit does not establish even that it was an authorized agent for purposes of suit to collect the funds owed the trust funds. **According to the Second Restatement of Agency, s 72, comment d (1958): "Authority to receive payments does not include authority to institute legal proceedings . . . ." Even had Boyd established such authority, a mere power of attorney, without interest in the subject matter, would not entitle it to the status of a real party in interest.** <u>Peck v. Dodds</u>, 10 Nev. 204 (1875); Restatement (2d), Agency, 363-365 (1958). (Emphasis Supplied).

<u>L and H Builders Supply v. Boyd Co.</u>, 93 Nev. 610, 613, 571 P.2d 1167, 1168 (Nev. 1977).

The language of N.R.C.P. 17(a) duplicates the language of F.R.C.P. 17(a), of which it has been said: "The meaning and object of the real party in interest provision would be more accurately expressed if it read: An action shall be prosecuted in the name of the party who, by the substantive law, has the right to be enforced." 3A Moore's Federal Practice P 17.02, at 17-13 (2d ed. 1948, 1977) (emphasis in the original). <u>L and H Builders Supply v. Boyd Co.</u> 93 Nev., 610, 613, 571 P.2d 1167, 1168 (Nev. 1977).

Accordingly, in <u>Ninth RMA Partners, L.P.</u>, the court stated, the plaintiff's status as a holder of the instrument, or as a non-holder with the rights of a holder, is an element of an action to enforce a negotiable instrument. <u>Ninth RMA Partners, L.P. v. Krass</u>, 57 Conn.App. 1, 746 A.2d 826 (Conn.App.,2000). Further, the Court ruled, in an action to enforce a negotiable instrument, the plaintiff's failure to prove his status as a holder of the instrument, or as a non-holder with the rights of a holder, will result in a judgment for the defendants. <u>Ninth RMA Partners, L.P. v. Krass</u>, 57 Conn.App. 1, 746 A.2d 826 (Conn.App.,2000).

Likewise, the <u>Ingram</u> Court articulated that in order to prove a prima facie case in a suit on a note, the holder must evidence that: (1) the plaintiff is the holder or owner of the note, (2) the maker signed the note, (3) the note is in default and there is a balance due on the note, (4) the copy produced at trial is a true and accurate copy of the note sued on, and (5) the holder has not assigned, pledged, or transferred the note to another. <u>Ingram v. Earthman</u>, 993 S.W.2d 611 (Tenn.App.,1998). Going further, the purpose of the presentment rule is to facilitate proof that the plaintiff is the holder of the note, See <u>James Talcott, Inc. v. Allahabad Bank, Ltd.</u>, 444 F.2d 451, 458 (5th Cir.1971); <u>Union Sav. Bank v. Cassing</u>, 691 S.W.2d 513, 515

(Mo.Ct.App.1985), and to avoid the risk that the maker might be required to pay the same note twice. See <u>McKirgan v. American Hosp. Supply Corp.</u>, 37 Md.App. 85, 375 A.2d 591, 593 (1977); <u>Prime Fin. Group, Inc. v. Smith</u>, 137 N.H. 74, 623 A.2d 757, 759 (N.H.1993); <u>Haupt v. Coldwell</u>, 500 S.W.2d 563, 565 (Tex.Civ.App.1973). In addition, evidence presented question for jury on whether lender was holder and owner of borrower's note and thus was entitled to bring suit on note or whether lender had assigned or transferred note to trustee who was holding note while lender decided what to do with it. <u>Ingram v. Earthman</u>, 993 S.W.2d 611 (Tenn.App.,1998). What is more, it is a better practice in a suit on a note, whether

negotiable or not, for the plaintiff to produce the original note at trial and introduce it into

evidence, because doing so effectively forestalls any issue concerning whether the plaintiff is the

holder or owner of the note. Ingram v. Earthman, 993 S.W.2d 611 (Tenn.App.,1998). Lastly, in

Affiliated Acceptance Corp, for payee to make prima facie case

for recovery on 16 promissory notes, payee had to admit in evidence 16 notes and various loan

agreements, prove that notes were signed, and present sufficient evidence from which trier of

fact could calculate specific sums owed by makers to payee. Affiliated Acceptance Corp. v.

Boggs, 917 S.W.2d 652 (Mo.App. W.D. 1996).

Unimpeachably, MERS does not have the right to enforce the mortgage on behalf of

whoever the note holder maybe for the property in question. Going Further, MERS is an agent

used by the note holder, MERS is not the real party in interest. Clearly, MERS cannot foreclose

as a nominal party unless they do so in the name of the principal or real party in interest.

Namely, let the Court and Plaintiff see the actual Note in this case.

**c.    MERS lacks standing to foreclose on the note.**

Federal District Court Judges have determined under Ohio law that MERS lacks
standing to foreclose on a mortgage where it could not provide the Court the original note. In a
published opinion, the United States District Court for the District of Ohio wrote, "To show
standing, then, in a foreclosure action, the plaintiff must show that it is the holder of the note and
the mortgage at the time the complaint was filed." *In re Foreclosure Cases*, 521 F. Supp.2d 650,
653 (2007).

The Supreme Court of Suffolk County, New York in the case of *LaSalle Bank Nat. Ass'n
v. Lamy,* 12 Misc.3d 1191(A), 2006 WL 2251721 (N.Y. Sup.) wrote that the ownership of the
Note and Mortgage is a requisite to the commencement of a foreclosure action. The Court first
wrote:

> [T]his court and others have repeatedly held that a nominee of the
> owner of the note and mortgage, such Mortgage Electronic

Registration Systems, Inc. (MERS), may not prosecute a mortgage foreclosure action in its own name as nominee of the original lender because it lacks ownership of the note and mortgage at the time of the prosecution of the action. *(Mortgage Electronic Systems, Inc. v. Burek,* 4 Misc.3d 1030, 798 N.Y.S. 2d 346, *Mortgage Electronic Systems, Inc. v. Bastian,* 12 Mis.3d 1182(A), 2006 WL 1985461.

*Id.* at 1. *See also Campaign v. Barba,* 2005 N.Y. Slip. Op.

08266 (2005).

In sum, MERS is not the holder of the Note, thus the Notice of Default and all foreclosure proceedings are unenforceable.

**d.**    **MERS does not having standing as nominee beneficiary**

**under the law.**

MERS does not have powers under the common law as a "nominee" of a beneficiary. The Ninth Court of Appeals using a California case has addressed the powers and abilities of a nominee. It wrote, "The word 'nominee' in its commonly accepted meaning connotes the delegation of authority to the nominee in a representative or nominal capacity only, and does not connote the transfer or assignment to the nominee of any property in or ownership in the rights of the person nominating him." *Ott v. Home Savings & Loan,* 265 F.2d 643, 647 (1958) citing *Cisco v. Van Lew,* 60 Cal. App.2d 575, 583-584, 141 P.2d 433, 438 (1943). This legal holding is supported by a plethora of cases stating that MERS does not have standing to foreclose on a property as a nominee.

Additionally, a Nebraska decision is directly on point. In Mortgage Electronic

Registration Systems, Inc. v. Nebraska Dept. of Banking and Finance , the district court

accurately characterized MERS' services as follows:

The MERS system was created to facilitate the transfer of ownership interests and servicing rights in mortgage loans. Under the System, MERS serves as mortgagee of record for participating members

through assignment of the members' interests to MERS. Mortgage lenders participate in the MERS System as members upon completion of a membership application.

The district court went on to discuss the elements of the contract between MERS and its members, referring specifically to a document entitled "Terms and Conditions," that states, in part:

The Member, at its own expense, shall promptly, or as soon as practicable, cause MERS to appear in the appropriate public records as the mortgagee of record with respect to each mortgage loan that the Member registers on the MERS® System. MERS shall serve as mortgagee of record with respect to all such mortgage loans solely as a nominee, in an administrative capacity, for the beneficial owner or owners thereof from time to time. MERS shall have no rights whatsoever to any payments made on account of such mortgage loans, to any servicing rights related to such mortgage loans, or to any mortgaged properties securing such mortgage loans. MERS agrees not to assert any rights (other than rights specified in the governing Documents) with respect to such mortgage loans or mortgaged properties.

The document also states that "MERS shall at all times comply with the instructions of the beneficial owner of mortgage loans as shown on the MERS® System."

Mortgage Electronic Registration Systems, Inc. v. Nebraska Dept. of Banking and Finance, 270 Neb. 529, 532-533, 704 N.W.2d 784, 786 - 787 (Neb.,2005).

More importantly, in this Nebraska case, MERS was on the opposite side of the issue we face in this litigation and argued successfully that they are not a mortgage banker. **Specifically, MERS argued that it did not have the right to foreclose:**

**MERS argues that it does not acquire mortgage loans and is therefore not a mortgage banker under § 45-702(6) because it only holds legal title to members' mortgages in a nominee capacity and is contractually prohibited from exercising any rights with respect to the mortgages (i.e., foreclosure) without the authorization of the members.** Further, MERS argues that it does not own the promissory notes secured by the mortgages and has no right to

payments made on the notes. MERS explains that it merely "immobilizes the mortgage lien while transfers of the promissory notes and servicing rights continue to occur." Brief for appellant at 12. (Emphasis Supplied).

Mortgage Electronic Registration Systems, Inc. v. Nebraska Dept. of Banking and Finance, 270 Neb. 529, 532-533, 704 N.W.2d 784, 786 - 787 (Neb.,2005).

The Court concluded:

Although we agree with the district court's characterization of the services provided by MERS and its contractual relationship with its members, we conclude that such services are not equivalent to acquiring mortgage loans, as defined by the Act. **In other words, through its services to its members as characterized by the district court,**

**MERS does not acquire "any loan or extension of credit secured by a lien on real property." MERS does not itself extend credit or acquire rights to receive payments on mortgage loans. Rather, the lenders retain the promissory notes and servicing rights to the mortgage, while MERS acquires legal title to the mortgage for recordation purposes.** (Emphasis supplied).

**MERS serves as legal title holder in a nominee capacity, permitting lenders to sell their interests in the notes and servicing rights to**

> **investors without recording each transaction. But, simply stated, MERS has no independent right to collect on any debt because MERS itself has not extended credit, and none of the mortgage debtors owe MERS any money.** Based on the foregoing, we conclude that MERS does not acquire mortgage loans, as defined in § 45-702(8), and therefore, MERS is not subject to the requirements of the Act. (Emphasis supplied).

Mortgage Electronic Registration Systems, Inc. v. Nebraska Dept. of Banking and Finance, 270 Neb. 529, 532-533, 704 N.W.2d 784, 786 - 787 (Neb.,2005).

Since MERS initiated the Nebraska litigation and prevailed, it is judicially estopped to disavow the positions it advanced during the litigation process there or to avoid the findings.  In addition,  Plaintiffs have made proper legal arguments that MERS is not the holder of the Note and that even if it was its status as "nominee" does not give it the legal authority to authorize a Trustee's sale.  NRS 107.080 makes clear that the beneficiary or the successor in interest of the beneficiary has the power to confer upon the trustee the right to sell, nowhere within the statue does it reference a nominee beneficiary conferring upon a trustee the right to sell, nor does the statue give a nominee beneficiary the right to issue notices of default.  Case law is clear when it comes to assignments of a deed of trust.

Going further, United States District Court Judge Joan N. Ericksen of the District of Minnesota concluded as a Federal Judge that she could not decide the issue and wrote:

1.  The following question is certified to the Minnesota Supreme Court:

> When MERS serves as mortgagee of record as nominee for a lender and that lender's successors and assigns, and the original lender subsequently sells, assigns, or transfers its rights under the mortgage, has there been an assignment of the mortgage that must be recorded pursuant to Minn.

Stat. § 580.02 (2006) before MERS can commence
a foreclosure by advertisement.

*Jackson v. Mortgage Electronic Registration System, Inc.,* 2008

WL 558726 (D. Minn), Page 2.

In conclusion, in order to conduct a valid foreclosure sale, all parties to the process must
have legal standing in the premises, ie. proper beneficiary, in possession of the required
documents as stated in the Notice of Default, and has received a proper assignment of the powers
delegated. The Trustee's Sale of the subject property has not met these requirements. Thus,
Plaintiffs are asking for a Temporary Restraining Order and Preliminary Injunction as they are
reasonably likelihood to prevail on the merits.

e.    ~~Plaintiff~~ Debtor AA requests that a nominal bond be required.

Plaintiff has made clear and convincing allegations as to the impropriety of the

procedures of the foreclosure process. She alleges that to require a significant bond will also

deny her the procedural due process rights that she has. Therefore, Plaintiff respectfully requests

a nominal bond.

Dated: _____        By: _____

**CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of debtor's

**Debtor's APPLICATION FOR TRO (ENJOINMENT),** was served on all

creditors, debtors and other parties of interest as follows:

[ ] by placing a copy in the U.S. Mail, at the address listed

below or attached hereto,

[x] By personal delivery ~~or by UPS~~

[ ] By Fax to the parties listed herein and their attorney

of record, by dialing _____, confirmation attached

and incorporated by reference, marked Exhibit "__".

Date: 07.7.10 _____     _Augustine Brown_

MASTER MAILING LIST OF INTERESTED PARTIES

**Debtor:**
TINA TODD
8346 BISMARK SAPPHIRE STREET
LAS VEGAS, NEVADA 89139


Litton LOAN SERVICING, LP
MCCALLA RAYMER, LLC
Attn: Attorney/Managing Agent
1544 Old Alabama Road
Roswell, Georgia 30076


WILDE & ASSOCIATES                    **Attorney For:**
Gregory L. Wilde, Esq.                HSBC BANK USA, National Association as
Nevada Bar Number; 004417                 Trustee for the benefit of People's
Financial
208 South Jones Blvd                  Realty Mortgage Securities Trust, series
Las Vegas, NV 89107                   2006-1, by Litton Loan Servicing, LP as
Tel: 702 258-8200                     attorney in fact 09-78104; DOES 1-100 and
Fax: 702 258-8787                     ROES A-Z, INCLUSIVE.


MARK S. BOSCO, ESQ.
Arizona bar Number: 010167
TIFFANY & BOSCO P.A.
2525 EAST CAMELBACK ROAD, SUITE 300
PHOENIX, ARIZONA 85016
Tel; 602 255-6000


Law Offices McCalla Raymer, LLC      LITTON LOAN SERVICING LP
Bankruptcy Department                Servicer Loan #: 41202466
1544 Old Alabama Road                Your File #: 09-30780
Roswell, Georgia 30076-2102          **Real Property:**
Tel: (866) 205-2417                  8346 Bismark Sapphire Street
Fax: (770) 783-6926                  Las Vegas, Nevada 89139


People's Financial Realty Mortgage
People's Choice Home Loan, Inc.
A Wyoming Corporation
7515 Irvine Center Dr.
Irvine, CA 92618

GE MONEY BANK
c/o Recovery Management Systems Corp
Attn: Managing Agent
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605


IRS
Attn: Managing Agent
110 City Parkway, MS 5028
Las Vegas, Nevada 89106

**VERIFICATION**

STATE OF NEVADA    )
                   ) ss:
COUNTY OF CLARK    )

TINA TODD, Debtor, being first duly sworn, deposes and says:

That he is the Plaintiff in the above-entitled action; that he has read the above and foregoing TRO and knows the contents thereof; that the same is true and correct except for those matters alleged upon information and belief, and as to those matters, he believes them to be true.

_____
TINA TODD

SUBSCRIBED and SWORN to before me
this ____ day of ~~May 10,~~ 2010
~~Oct 2~~.

_____
NOTARY PUBLIC

STATE OF NEVADA    )
                   )    :  ss.
COUNTY OF CLARK    )

On the _____ May 10, 2010, before me, the undersigned, a Notary Public in and for said County and State, personally appeared TINA TODD, known to me (or proved me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same.

WITNESS my hand and official seal.

_____

17